UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 2:22-CR-00105-DCLC-CRW |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTOPHER NEUMANN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Before the Court is Defendant's *pro se* Motion to Reduce Sentence [Doc. 31]. Federal Defender Services of Eastern Tennessee has filed a supplement to his motion [Doc. 33]. The Government has filed a response in opposition [Doc. 34]. Because Defendant is not qualified for relief under Amendment 821, this motion is **DENIED**.

I.      **BACKGROUND**

On October 19, 2022, Defendant pleaded guilty to two counts of receipt of child pornography [*See* Docs. 2, 5]. Based on a total offense level of 35 and a criminal history category of III, Defendant's guideline range was 210 to 262 months [Doc. 211, ¶ 100]. However, the statutory maximum as to each count separately was 20 years; therefore, his guideline range was restricted to 210 to 240 months. The Court sentenced Defendant to 180 months' imprisonment. [Doc. 24]. Defendant is currently housed at FCI Williamsburg with a projected release date of October 11, 2034. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited March 25, 2026). He now seeks a sentence reduction pursuant to Guideline Amendment 821 [Doc. 33].

## II. ANALYSIS

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009) (citation omitted). Relevant here, 18 U.S.C. § 3582(c)(2) authorizes a court to impose a sentence reduction when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 821, which took effect on November 1, 2023, altered the application of the guidelines with respect to offenders who earned criminal history "status" points based on the commission of an offense while serving a criminal justice sentence or offenders with zero criminal history points at the time of sentencing ("zero-point offenders"). Composed of two parts, Amendment 821 amended U.S.S.G. § 4A1.1 to reduce or eliminate status points and created U.S.S.G. § 4C1.1 to reduce the offense level for zero-point offenders by two levels. Pursuant to § 4A1.1, status points are eliminated for defendants with six or less criminal history points, and one status point, rather than two, are applied for defendants with more than six criminal history points.

Defendant moves for a sentence reduction under the first part of Amendment 821, U.S.S.G. § 4A1.1. At the time of sentencing, Defendant received four criminal history points, two of which were status points. If he were sentenced today, he would receive no status points. That would reduce his criminal history points from four to two, and his criminal history category would change from III to II. His amended guideline range is therefore 188 to 235 months. Because Defendant was sentenced below that amount, he is ineligible for a sentence reduction under Amendment 821. *See United States v. Beckham*, 838 F.3d 731, 734 (6th Cir. 2016) ("straightforward application of

2

§ 3582(c)(2), the Guidelines, and circuit precedent precluded the district court from reapplying [a non-substantial-assistance] departure in calculating [the] amended Guidelines range. And because [the] current sentence already falls below that range, the district court could not further reduce [the] sentence."). Law in the Sixth Circuit is clear: U.S.S.G. § 1B1.10(b) precludes district courts from reapplying a departure or variance in a sentence reduction, except for substantial assistance. *United States v. Taylor*, 815 F.3d 248, 250-51 (6th Cir. 2016). Accordingly, Defendant is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

In the supplement to his motion, Defendant acknowledges that while he may not be eligible for a sentence reduction, he would like the Court to enter an order noting his lowered criminal history category as it may affect his classification with the Bureau of Prisons and the application of potential sentence credits. The United States argues that the Court has no authority to do so, and the Court agrees.

While there are varying opinions on whether a Court may retroactively modify a defendant's criminal history category under Amendment 821 where no sentence reduction is granted, case law within the Sixth Circuit declines such authority as it is not prescribed in the Federal Rules of Criminal Procedure or any applicable case law. *See United States v. Nesbitt*, No. CR 5:17-097-DCR, 2024 WL 2303809, at *1-2 (E.D. Ky. May 21, 2024); *United States v. DeJournett*, No. 5:13-CR-513-1, 2024 WL 158102, at *3 (N.D. Ohio Apr. 11, 2024). Without such authority, this Court cannot retroactively modify any portion of the presentence investigation report to reflect Defendant's lowered criminal history category.

III.    CONCLUSION

For the reasons stated herein, Defendant's motion [Doc. 1156] is **DENIED**.

3

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge

4